IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Dykeman, | ) | C/A No. 8:13-cv-02933-MGL-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment [Doc. 21] and Petitioner's motion to dismiss Respondent's motion for summary judgment and grant Petitioner's motion for an evidentiary hearing [Doc. 61]. Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 22, 2013.[1] [Doc. 1.] On March 24, 2014, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 21, 22.] On March 25, 2014, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on October 22, 2013. [Doc. 1-1 (envelope stamped as received by the prison mail room on October 22, 2013).]

respond to the motion.  [Doc. 23.]  On May 30, 2014, Petitioner filed a response in opposition.  [Doc. 38.]  On September 2, 2014, Petitioner filed a motion to dismiss Respondent's motion for summary judgment and grant Petitioner's motion for an evidentiary hearing.  [Doc. 61.]  Respondent filed a response in opposition to Petitioner's motion on September 19, 2014 [Doc. 62], and Petitioner filed a reply on October 22, 2014 [Doc. 64].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted, Petitioner's motion to dismiss Respondent's motion for summary judgment and grant Petitioner's motion for an evidentiary hearing be denied, and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Beaufort County Clerk of Court.  [Doc. 1 at 1.]  In May 2004, Petitioner was indicted for kidnapping, murder, and armed robbery.  [Doc. 22-1.]  On April 16, 2007, represented by Gene G. Hood ("Hood") and Scott W. Lee ("Lee"), Petitioner proceeded to trial. [App. 45–582.[2]]  On April 18, 2007, the jury returned a verdict of guilty on all charges.  [App. 567.]  Petitioner was sentenced to life imprisonment on the murder charge and 30 years imprisonment on the kidnapping and armed robbery charges, all sentences to run concurrent.  [App. 580.]

---

[2]The Appendix can be found at Docket Entry Numbers 22-2 through 22-5.

2

**Direct Appeal**

Petitioner appealed his conviction. On December 14, 2009, Joseph L. Savitz, III ("Savitz") of the South Carolina Commission on Indigent Defense filed a brief on Petitioner's behalf in the South Carolina Court of Appeals, raising the following issue:

> The trial judge committed reversible error by instructing the jury that Dykeman would obtain a procedural advantage—"the final argument"—if he "offers no testimony whatsoever and does not appear and take the stand," as this procedural matter is irrelevant to the jury's determination of guilt or innocence and this instruction undermines the utility of having the final argument.

[App. 586.] The State filed a response brief on December 16, 2009. [Doc. 22-7.] On October 12, 2010, the South Carolina Court of Appeals affirmed the convictions. [Doc. 22-8.] Remittitur was issued on October 28, 2010. [Doc. 22-9.]

**PCR Proceedings**

*First PCR Application*

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on November 18, 2010. [App. 591–609.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)  Ineffective assistance of appellate counsel
>
> (b)  Ineffective assistance of trial counsel
>
> (c)  Trial judge committed reversible error

[App. 593.] In support of his grounds for relief, Petitioner provided the following allegations, quoted substantially verbatim:

> Appellate counsel was ineffective for failing to brief defense motion For a Directed Verdict.

3

Appellant counsel was ineffective by failing to brief defense Motion as to the exclusion of Evidence in respect to videotape clip of Brett Kinney.

Appellant counsel was ineffective by failing to brief defense Motion to strike specific portions of States witness Brandy Ross, and/or denying defense Motion For a Mistrial pertaining to this witnesses testimony.

Trial counsel was ineffective by failing to object to the Court charging the jury with Hands of One Hands of All where the defendant was indicted as a principle only and the charge of Hands of One Hands of All was insufficient, vague, misleading, confusing and along with principle charge deprived the defendant of a fair trial and Due Proce[ss]; counsel was also ineffective in failing to object to this charge and request a more specific charge.

Trial counsel was ineffective in failing to object that a jury charge under theory of Hands of One, Hands of All, was error where the defendant had been indicted as a principle only.

Trial counsel was Constitutionally ineffective by conceding Defendant's guilt during trial that impermissibly over-road Defendant's plea of not guilty that resulted in Structural Error and a Denial of Due Process.

The trial judge committed reversible error by instructing the jury that Dykeman would obtain a procedural advantage- "the final argument" - if he "offered no testimony whatsoever and does not appear and take the stand," as this procedural matter is irrelevant to the jury's determination of guilt or innocence and this instruction undermines the utility of having the final argument.

[App. 599–607.] The State filed a return on March 17, 2011. [App. 610–14.]

A hearing was held on September 4, 2012, and Petitioner was represented at the hearing by Samuel Kirkland ("Kirkland"). [App. 615–61.] At the hearing, Petitioner withdrew the allegation that the trial judge committed reversible error and all allegations of ineffective assistance of trial counsel and proceeded only on the ineffective assistance of

appellate counsel claims. [App. 621–23.] On October 11, 2012, the PCR court filed an order denying and dismissing the application with prejudice. [App. 664–70.] On November 5, 2012, Petitioner filed a motion to alter and amend judgment [App. 671–74], which the PCR court denied on November 9, 2012[3] [App. 677]. A notice of appeal was timely filed and served.

On March 25, 2013, Robert M. Pachak ("Pachak") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson* petition[4] for writ of certiorari in the South Carolina Supreme Court. [Doc. 22-10.] The petition asserted the following as the sole issue presented:

> Whether appellate counsel was ineffective in failing to brief on appeal the issue of defense counsel's motion to exclude a video tape of the victim showing him as an invalid because it inflamed the passion and prejudice of the jury?

[*Id.* at 3.] At the same time he filed the *Johnson* petition, Dudek submitted a petition to be relieved as counsel. [*Id.* at 8.] Petitioner filed a pro se petition raising the following issues, quoted substantially verbatim:

> <u>Issue I</u>
> Whether appellate counsel was ineffective in failing to brief on appeal the issue of defense counsel's motion for directed verdict?

> <u>Issue II</u>
> Whether appellate counsel was ineffective in failing to brief on appeal the issue of defense counsel's motion to strike

---

[3]The order denying the motion to alter and amend judgment was filed on December 11, 2012. [App. 677.]

[4]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

specific portions of State's witness Brandy Ross and/or
denying defense motion for a mistrial pertaining to this witness
testimony?

Issue III

Whether appellate counsel was ineffective for failing to
raise any preserved issues for appellate review?

[Doc. 22-12 at 3.] The court denied the petition and granted counsel's request to withdraw

on July 11, 2013 [Doc. 22-13] and remitted the matter to the lower court on July 31, 2013

[Doc. 22-14].

**Second PCR Application**

Petitioner, proceeding pro se, filed a second PCR application on September 5,

2013. [Doc. 22-15.] Petitioner alleged he was being held in custody unlawfully based on

the following ground, quoted substantially verbatim:

(a)     Ineffective assistance of PCR counsel

[*Id.* at 4.] In support of his ground for relief, Petitioner provided the following allegation,

quoted substantially verbatim:

(a)     PCR counsel advised applicant to drop allegations on
trial counsel

[*Id.*] As of the date Respondent filed its motion for summary judgment, the State had not

yet made a return to the second PCR application.[5] [*See* Doc. 22 at 6.]

_____

[5]Although this Court has occasionally stayed a federal habeas case until the state
court rules on a pending PCR application, a stay would not be appropriate in this case.
Pursuant to *Rhines  v. Weber*, 544 U.S. 269, 276 (2005), a federal habeas case may be
stayed and held in abeyance "where such a stay would be a proper exercise of discretion."
*Id.* at 276. The Supreme Court further stated that in certain instances where a petitioner
had filed a "mixed" petition—a petition containing exhausted and unexhausted claims—an
exercise of such discretion would be proper. *Id.* at 272–73, 276. Here, as discussed
below, the Petition contains only one claim, which has been exhausted. Accordingly, a
stay would be inappropriate as Petitioner's second PCR application appears to be

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on October 22, 2013. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**    Ineffective assistance of appellate counsel.
>
> *Supporting facts*:    Appellate counsel knowingly raised a unpreserved issue for appellate review, where there were in fact meritori[o]us issues which clearly had pre[c]edence. By appellate counsel's actions applicant was denied due process of law which is guarante[e]d by the U.S. Constitution Amend. 6 and 14th.

[Doc. 1 at 6.] As stated, on March 24, 2014, Respondent filed a motion for summary judgment. [Doc. 21.] On May 30, 2014, Petitioner filed a response in opposition. [Doc. 38.] On September 2, 2014, Petitioner filed a motion to dismiss Respondent's motion for summary judgment and grant Petitioner's motion for an evidentiary hearing. [Doc. 61.] Respondent filed a response in opposition to Petitioner's motion on September 19, 2014 [Doc. 62], and Petitioner filed a reply on October 22, 2014 [Doc. 64]. Accordingly, the motions are ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978);

---

unrelated to this Petition in that Petitioner has not raised to this Court the issue that was raised to the state court in his second PCR application.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

8

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

9

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court

factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

 Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)      (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653

12

S.E.2d 266 (S.C. 2007).[6]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533

14

(quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating

to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## **DISCUSSION**

Petitioner contends appellate counsel was ineffective because he raised an unpreserved issue for appellate review when there were meritorious issues that had been preserved. [Doc. 1 at 6.] The Court concludes Petitioner is not entitled to federal habeas corpus relief based on this allegation.

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

16

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

A defendant has a constitutional right to the effective assistance of appellate counsel.  *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985).  To demonstrate ineffective assistance of appellate counsel, a petitioner must satisfy the two-prong test enunciated in

*Strickland v. Washington*, 466 U.S. 668 (1984).[7]  *See Williams v. Taylor*, 529 U.S. 362 (2000) (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").  Stated differently, a petitioner must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal."  *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citation omitted).  There is a "'presumption that [appellate counsel] decided which issues were most likely to afford relief on appeal.'"  *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).  Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as 'there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review .'"  *Id.* (quoting *Jones v. Barnes*, 463 U.S. 745, 752 (1983)).

Here, the PCR court evaluated counsel's performance under the standard set forth in *Strickland*.  [App. 666–69.]  The PCR court found,

> This Court finds that the Applicant has failed to carry his burden of proving ineffective assistance of appellate counsel. This Court finds that appellate counsel's performance was not

---

[7]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.

18

deficient. This Court also finds that appellate counsel adequately conferred with the Applicant and reviewed the trial record prior to filing the appeal. Appellate counsel is not required to raise every non-frivolous issue on appeal. Thrift v. State, 302 S.C. 535, 539, 397 S.E.2d 523, 526 (1990) citing Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

The Applicant's testimony reflects that appellate counsel had knowledge of the issues at trial and the issues that the Applicant thought were relevant for appeal. The Applicant's testimony also reflects that appellate counsel had the entire trial record available for review and that the Applicant was aware that appellate counsel would not address every preserved issue on appeal.

This Court further finds that even if the Applicant had proven that appellate counsel's performance was deficient, the Applicant has failed to prove that prejudice resulted from appellate counsel's alleged deficiency. To prove prejudice the applicant must show that, but for counsel's errors, there is a reasonable probability he would have prevailed on appeal. Anderson v. State, 354 S.C. 431, 434, 581 S.E.2d 834, 835 (2003). This Court finds that the Applicant has put forth no evidence to show that there was a reasonable probability that he would have prevailed on appeal.

This Court also finds that the Applicant has failed to prove prejudice because there was overwhelming evidence of the Applicant's guilt presented at trial. Where there is overwhelming evidence of guilt, counsel's deficient representation will not be prejudicial. Ford v. State, 314 S.C. 245, 442 S.E.2d 604 (1994); See also Humbert v. State, 345 S.C. 332, 548 S.E.2d 862 (2001), Geter v. State, 305 S.C. 365, 409 S.E.2d 344 (S.C. 1991).

At trial, the State presented overwhelming evidence of the Applicant's guilt. At trial, the Applicant was identified in a surveillance video using the victim's debit card with his co-defendant. The State's witness, Brandy Ross, testified that she found the victim's identification card in the Applicant's pocket. The State also put before the jury, the Applicant's statement that he and the co-defendant just wanted to get money from the victim to buy drugs. Lastly, the State presented a shovel covered in the victim's blood and a piece

> of bloody car carpet that was found in the Applicant's yard. This Court finds that the Applicant has failed to prove that appellate counsel was deficient and that but for appellate counsel's deficient performance he would have been successful on appeal. This Court finds that appellate counsel did not provide ineffective assistance of counsel to the Applicant.

[App. 668–69.]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.   Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  There is no indication that appellate counsel's representation was deficient or that Petitioner was prejudiced as a result.  In his Petition, Petitioner failed to identify what issues he contends appellate counsel should have raised.   Even assuming Petitioner contends that appellate counsel should have raised the issues identified in Petitioner's PCR application, the PCR court noted the overwhelming evidence of guilt and concluded that Petitioner failed to establish that he would have prevailed on appeal had these issues been presented.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.   Therefore, Petitioner is not entitled to habeas corpus relief on this ground, and Respondent's motion for summary judgment should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED, Petitioner's motion to dismiss Respondent's

motion for summary judgment and grant Petitioner's motion for an evidentiary hearing be

DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 5, 2015
Greenville, South Carolina