

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENVILLE DIVISION

| | | |
|---|---|---|
| JOHN DYKEMAN, | § | |
|        Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:13-2933-MGL-JDA |
| | § | |
| WARDEN, Lieber Correctional Institution, | § | |
|        Respondent. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTION TO DISMISS
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING,
AND DENYING PETITIONER'S HABEAS PETITION

      This case was filed as a 28 U.S.C. § 2254 action.  Petitioner is proceeding pro se.  The matter

is before the Court for review of the Report and Recommendation (Report) of the United States

Magistrate Judge suggesting that Respondent's motion for summary judgment be granted,

Petitioner's motion to dismiss Respondent's motion for summary judgment be denied, Petitioner's

motion for an evidentiary hearing be denied, and Petitioner's habeas petition be denied.  The Report

was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South

Carolina.

      The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 5, 2015, and the Clerk of Court entered Petitioner's objections on February 18, 2015.  The Court has carefully considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

Petitioner raises just one ground in his § 2254 petition:

> **GROUND ONE:** Ineffective assistance of appellate counsel.
>
> *Supporting facts*: Appellate counsel knowingly raised a unpreserved issue for appellate review, where there were in fact meritori[o]us issues which clearly had pre[c]edence.  By appellate counsel's actions applicant was denied due process of law which is guarante[e]d by the U.S. Constitution Amend. 6 and 14th.

Petition 6.

To demonstrate ineffective assistance of counsel, Petitioner is required to establish (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable  probability exists that but for counsel's error, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."  *Harrington v. Richter*, 131 S. Ct.  770, 788 (2011).

Having reviewed the PCR court's discussion of this issue, the Court is of the firm opinion that the PCR court reasonably found that appellate counsel was not ineffective in his representation of Petitioner.

As the PCR court correctly held:

> This Court finds that [Petitioner] has failed to carry his burden of proving ineffective assistance of appellate counsel. This Court finds that appellate counsel's performance was not deficient. This Court also finds that appellate counsel adequately conferred with [Petitioner] and reviewed the trial record prior to filing the appeal. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Thrift v. State*, 302 S.C. 535, 539, 397 S.E.2d 523, 526 (1990) citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).
>
> [Petitioner's] testimony reflects that appellate counsel had knowledge of the issues at trial and the issues that [Petitioner] thought were relevant for appeal. [Petitioner's] testimony also reflects that appellate counsel had the entire trial record available for review and that [Petitioner] was aware that appellate counsel would not address every preserved issue on appeal.
>
> This Court further finds that even if [Petitioner] had proven that appellate counsel's performance was deficient, [Petitioner] has failed to prove that prejudice resulted from appellate counsel's alleged deficiency.

PCR Order 5.

The Court "may only grant [Petitioner] relief if the state court's adjudication of his claims (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' 28 U.S.C. § 2254(d)(2)." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009). But none of those requisites are present here. Consequently, Petitioner is unable to obtain habeas relief under an ineffective assistance of appellate counsel claim.

3

Petitioner's objections consist generally of nothing more than a mishmash of contentions that the Magistrate Judge has already considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's treatment of those issues in the Report, it need not repeat the analysis here. Therefore, the Court will overrule these objections. Petitioner also makes a few arguments that were not presented to the Magistrate Judge. But those arguments are so pellucidly without merit as not to require discussion. Therefore, the Court will overrule Petitioner's objections.

The Court makes two additional observations regarding Petitioner's objections. Unlike most objections that the Court is confronted with, Petitioner has made very specific objections to the Report, including the line numbers and the pages to which he is objecting. He is to be commended for that. On the other hand, the Court is greatly distressed when a litigant such as Petitioner represents to the Court that a particular case says something that it does not say. For instance, in Petitioner's objections, Petitioner cites *Mark v. McGinnis*, 233 F.3d 132, 140 (2d Cir. 2000), for the proposition that "THE FEDERAL COURT SHOULD NOT GIVE THE STATE COURT[']S 'FACT FINDING' A PRESUMPTION OF CORRECTNESS." Objections 8. But, that is exactly the opposite of what the case says. What *Mark* actually says is that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Mark*, 233 F.3d at 139. Petitioner loses credibility by making such egregious misrepresentations to the Court.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment

4

is **GRANTED**, Petitioner's motion to dismiss Respondent's motion for summary judgment is **DENIED**, Petitioner's motion for an evidentiary hearing is **DENIED**, and Petitioner's habeas petition is **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, Petitioner motion for a certificate of appealability from this Court is **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of March, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis _____
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.